UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0034 (WMW/KMM) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Scott Allen Klinghagen, | |
| Defendant. | |

Before the Court is the unopposed motion of Plaintiff United States of America for preliminary order of forfeiture. (Dkt. 31). The Court finds that the property at issue is subject to forfeiture pursuant to 18 U.S.C. § 2253(a), and that the United States has established the requisite nexus between such property and the offense of which Defendant Scott Allen Klinghagen has been found guilty. Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The motion of Plaintiff United States of America for preliminary order of forfeiture, (Dkt. 31), is **GRANTED**.

2. The following property ("the property") is forfeited to the United States pursuant to 18 U.S.C. § 2253(a):

   a. One black Motorola cell phone, CE Type M390A;

   b. One black Samsung cell phone, model SM-S327VL, IMEI 354308080675175, FCC ID A3LSMS327VL;

   c. One black Dell laptop, model Inspiron 15 (serial number BYY4D82);

      d. One Toshiba internal hard drive (serial number 26QOC8OSTGSDHDKEB98D2A02T); and

      e. One grey Toshiba laptop, model Satellite L855-S5119 (serial number 3D143339Q).

3. The United States Attorney General or an authorized designee may seize the property and maintain custody and control of the property pending the entry of final order of forfeiture.

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), publish and give notice of this Order and its intent to dispose of the property in such a manner as the Attorney General may direct.

5. This Order shall become final as to Klinghagen at the time of the sentencing and shall be made a part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. After the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, after the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary. *See* Fed. R. Crim. P. 32.2(e).

Dated: July 20, 2020
                                                  s/Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge