UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0034 (WMW/KMM) |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Allen Klinghagen, | |
| Defendant. | |

This matter is before the Court on Defendant Scott Allen Klinghagen's request for an extension of time to supplement or amend his pending motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255. (Dkt. 58.)

Klinghagen pleaded guilty in June 2020 to two counts of production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The Court sentenced Klinghagen to 240 months' imprisonment in December 2020. Klinghagen did not appeal his sentence or conviction.

A Section 2255 motion to vacate a conviction or sentence must be filed within one year after a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of Section 2255, when a defendant did not file a direct appeal, the defendant's conviction becomes final when the period for filing a notice of appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). This Court entered the sentencing judgment in this case on December 18, 2020, and Klinghagen's 14-day period for filing a notice of

appeal expired on January 4, 2021.[1] *See* Fed. R. App. P. 4(b)(1)(A). As such, the deadline for Klinghagen to file a Section 2255 motion is January 4, 2022. Klinghagen filed a timely Section 2255 motion on December 9, 2021.[2]

In his Section 2255 motion, Klinghagen requests an extension of time to supplement or amend his Section 2255 motion. Klinghagen contends that he requires additional time to prepare a persuasive memorandum of law in support of his pending Section 2255 motion and that his efforts to do so have been impeded by measures implemented by the Federal Bureau of Prisons (BOP) as a result of the ongoing COVID-19 pandemic. Specifically, Klinghagen asserts that he has lacked access to the prison law library and other resources necessary to assist him in the preparation of his Section 2255 motion. As such, Klinghagen seeks a 90-day extension of time to supplement or amend his Section 2255 motion.

"The Federal Rules of Civil Procedure govern habeas proceedings unless superseded by the rules governing section 2254 or 2255 cases." *Barnett v. Roper*, 541 F.3d

---

[1]   Because 14 days after the entry of Klinghagen's sentencing judgment was Friday, January 1, 2021, his deadline to file a notice of appeal was Monday, January 4, 2021. *See* Fed. R. App. P. 26(a)(1)(C) (providing that, when computing a time period specified in the applicable rules, "if the last day is a . . . legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); Fed. R. App. P. 26(a)(6)(A) (defining "[l]egal holiday" to include New Year's Day).

[2]   Although the Court did not receive Klinghagen's Section 2255 motion until December 14, 2021, the record reflects that Klinghagen delivered his Section 2255 motion to the prison mailing system on December 9, 2021. Therefore, his Section 2255 motion is deemed to have been filed on that date. *See Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (explaining that under the "prison mailbox rule," a *pro se* prisoner's Section 2255 motion is deemed to be filed "at the moment [the prisoner] delivered it to the warden for forwarding to the clerk of the district court").

804, 807 (8th Cir. 2008). A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Any amendments thereafter require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This rule applies to amendments to a Section 2255 motion. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

Klinghagen seeks additional time to supplement or amend his Section 2255 motion *after* the one-year limitations period has ended. For that reason, his ability to amend his Section 2255 motion "as a matter of course" is limited. *See Johnson v. United States*, 860 F. Supp. 2d 663, 706–10 (N.D. Iowa 2012). To the extent that Klinghagen seeks to supplement claims that he raised in his timely Section 2255 motion, such supplementation "may be deemed timely if [it] relate[s] back to a timely filed motion" pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

However, untimely Section 2255 claims that do *not* relate back to a timely motion may be considered only if they meet the requirements for equitable tolling. *See Johnson*, 860 F. Supp. 2d at 706–10. The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted). "A petitioner is entitled to

equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

The nature of any forthcoming supplement or amendment that Klinghagen wishes to make to his pending Section 2255 motion is unclear. As such, the Court lacks sufficient information to determine whether any supplement or amendment could be deemed timely either because it relates back to Klinghagen's pending Section 2255 motion or because it is subject to equitable tolling. Thus, the Court reserves judgment as to whether any forthcoming supplement or amendment will be accepted. But the Court has discretion to consider a request for leave to amend at any time. *See* Fed. R. Civ. P. 15(a)(2) (providing that a "court should freely give leave [to amend] when justice so requires"). The Court also has discretion to set the briefing schedule as to Klinghagen's pending Section 2255 motion. *See generally* Rules Governing Section 2255 Proceedings. Because Klinghagen has demonstrated good cause based on the restrictions imposed on him by the BOP during the ongoing COVID-19 pandemic, the Court will provide Klinghagen an additional 90 days, calculated from the date his motion was filed, to file a supplemental memorandum of law in support of his pending Section 2255 motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Scott Allen Klinghagen's request for an extension of time to supplement or amend his pending Section 2255 motion is **GRANTED**.

2. Defendant Scott Allen Klinghagen may file a supplemental memorandum of law in support of his Section 2255 motion no later than March 9, 2022.

Dated:  December 16, 2021                               s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge