UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0034 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Scott Allen Klinghagen, | |
| Defendant. | |

---

This matter is before the Court on Defendant Scott Allen Klinghagen's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 58.) Plaintiff United States of America opposes the motion. For the reasons addressed below, the Court denies Klinghagen's Section 2255 motion in part and defers ruling on his Section 2255 motion in part, subject to an evidentiary hearing as to Klinghagen's claim of ineffective assistance of counsel based on an alleged failure to file a requested appeal. The Court also appoints counsel to represent Klinghagen in connection with the forthcoming evidentiary hearing.

## BACKGROUND

The United States charged Klinghagen by indictment with multiple child pornography offenses in February 2020. The Court appointed attorney Kenneth U. Udoibok to represent Klinghagen. On April 24, 2020, Udoibok filed a written notice representing that Klinghagen waived his right to file pretrial motions and requested to appear by videoconferencing for his change-of-plea hearing. Klinghagen also waived his

rights under the Speedy Trial Act to allow time to schedule a change-of-plea hearing in light of the COVID-19 pandemic, which had just begun.

At the June 9, 2020 change-of-plea hearing, the Court followed its standard practice by advising Klinghagen of his rights, including the right to file pretrial motions. The Court also advised Klinghagen of the charges against him, the elements of the offenses to which he wished to plead guilty and the possible penalties he would face if he pleaded guilty. Before pleading guilty, Klinghagen acknowledged under oath that he understood these aspects of the case and that he knowingly, intelligently and voluntarily waived his rights. Klinghagen's written plea agreement, which he signed, also addresses these issues, including Klinghagen's waiver of rights.

Klinghagen's written plea agreement also provides that, "in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights . . . to appeal Defendant's sentence, unless the sentence exceeds 365 months' imprisonment." Under the plea agreement, Klinghagen also "expressly waives the right to petition under 28 U.S.C. § 2255" except as to "the issue of ineffective assistance of counsel." Klinghagen acknowledged, both in the written plea agreement and under oath at the change-of-plea hearing, that he had fully discussed these waivers with Udoibok and that he waived these rights knowingly, intelligently and voluntarily.

After addressing the factual basis for the offenses, Klinghagen acknowledged under oath that he had not been forced, threatened or coerced to plead guilty; that he wished to voluntarily plead guilty because he was, in fact, guilty of the charged offenses;

2

and that he had no questions for the Court or Udoibok.  Klinghagen then unequivocally pleaded guilty to two counts of production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).  The Court accepted Klinghagen's plea and adjudged him guilty as a matter of law.

The Court held a sentencing hearing on December 10, 2020.  Klinghagen and Udoibok were present at the sentencing hearing via videoconference.  The Court sentenced Klinghagen to 240 months' imprisonment, a significant downward variance from the advisory range of 720 months to life under the United States Sentencing Guidelines.  Following its standard practice, the Court advised Klinghagen at the end of the sentencing hearing of his right to appeal and the deadline to do so.  The Court acknowledged that, as part of the plea agreement, Klinghagen had waived his right to appeal a sentence of the length that the Court had imposed.  However, the Court advised Klinghagen that if he believed he had the right to appeal his conviction or his sentence notwithstanding the terms of the plea agreement, he should do so and present his arguments to the United States Court of Appeals for the Eighth Circuit.  Klinghagen did not appeal his conviction or sentence.

Klinghagen now moves to vacate his convictions and sentence, arguing that Udoibok provided ineffective assistance of counsel by failing to file a pretrial motion to suppress evidence and failing to file an appeal of Klinghagen's conviction and sentence.  The United States opposes Klinghagen's motion.

**ANALYSIS**

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A *pro se* litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But it is the defendant's burden to establish that Section 2255 relief is warranted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

**I.     Equitable Tolling and the Scope of Klinghagen's Motion**

As an initial matter, the Court must determine the scope of Klinghagen's Section 2255 motion in light of the arguments he advances in his supplemental filings.

Klinghagen filed the pending timely motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and, in doing so, sought an extension of time to supplement his motion. The Court granted Klinghagen's requested extension of time, and Klinghagen supplemented his Section 2255 motion in March 2022. As the Court explained, however, Klinghagen's ability to amend his Section 2255 motion "as a matter of course" is limited. *See Johnson v. United States*, 860 F. Supp. 2d 663, 706–10 (N.D. Iowa 2012). Any such supplementation "may be deemed timely if [it] relate[s] back to a timely filed motion" pursuant to Federal Rule of Civil Procedure 15(c). *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). But untimely Section 2255 claims that do *not*

relate back to a timely motion may be considered only if they meet the requirements for equitable tolling.  *See Johnson*, 860 F. Supp. 2d at 706–10; *see also English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (recognizing that the limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling").  "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief."  *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted).  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (internal quotation marks omitted).

In his initial timely Section 2255 motion, Klinghagen asserts two grounds for relief.  First, that Udoibok provided ineffective assistance of counsel by failing to file a pretrial motion to suppress evidence, and second, that Udoibok provided ineffective assistance of counsel by failing to file an appeal of Klinghagen's conviction and sentence.  In his supplemental memorandum of law, Klinghagen addresses the foregoing grounds for relief, and these arguments relate back to his timely Section 2255 motion.  But Klinghagen's supplemental memorandum of law, as well as his reply memorandum of law, also raise additional grounds for vacating his conviction and sentence, including alleged sentencing errors committed by Udoibok and the Court.  Klinghagen's supplemental memorandum of law does not address equitable tolling, however, and these new arguments are untimely.  Moreover, as part of his plea agreement, Klinghagen

5

waived his right to challenge—on direct appeal or collaterally—aspects of his conviction or sentence that are unrelated to alleged ineffective assistance of counsel.

For these reasons, the Court limits its analysis to the grounds raised in Klinghagen's timely Section 2255 motion. To the extent that Klinghagen purports to assert additional grounds for relief for the first time in his supplemental and reply memoranda of law, those arguments are untimely and will not be considered.

## II.  Ineffective Assistance of Counsel

Klinghagen argues that his defense attorney, Udoibok, provided ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating the reasonableness of defense counsel's conduct, courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690.

Klinghagen contends that he received ineffective assistance of counsel from Udoibok on two grounds: Udoibok failed to file a pretrial motion to suppress evidence,

and Udoibok failed to file an appeal of Klinghagen's conviction and sentence. The Court addresses each allegation in turn.

### A. Motion to Suppress

Klinghagen first asserts that Udoibok provided ineffective assistance by failing to file a pretrial motion to suppress evidence. Specifically, Klinghagen argues that law enforcement officers obtained incriminating statements from him in violation of his constitutional rights.

Defense counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation." *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991) (citing *Strickland*, 466 U.S. at 691). As such, "counsel must exercise reasonable diligence to produce exculpatory evidence and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Id.* However, a "valid guilty plea . . . waives a defendant's 'independent claims relating to the deprivation of constitutional rights that occurred prior to' pleading guilty." *United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To demonstrate the requisite "prejudice" necessary to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must "show that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1130 (N.D. Iowa 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

Udoibok filed a written waiver of Klinghagen's right to file pretrial motions on April 24, 2020. Subsequently, at Klinghagen's change-of-plea hearing, the Court advised Klinghagen of his rights, including his right to file pretrial motions. Klinghagen acknowledged under oath that he understood these rights and that he knowingly, intelligently and voluntarily waived these rights. This waiver also is reflected in Klinghagen's written plea agreement, which he signed. "The general rule is that a valid guilty plea waives all non-jurisdictional defects." *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001) (internal quotation marks omitted); *accord Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (recognizing that a defendant who pleads guilty waives all non-jurisdictional challenges to his prosecution, including issues related to the suppression of evidence). Klinghagen cannot challenge his conviction on the grounds that his counsel failed to file a pretrial suppression motion that Klinghagen expressly waived his right to pursue.

Even if Klinghagen had not waived his right to pursue pretrial motions, to prevail on his ineffective-assistance claim he must show that the alleged errors prejudiced him. *See Strickland*, 466 U.S. at 687. Klinghagen has not shown a reasonable probability that, had Udoibok filed a motion to suppress evidence, Klinghagen "would not have pleaded guilty and would have insisted on going to trial." *Marcos-Quiroga*, 478 F. Supp. 2d at 1140 (quoting *Hill*, 474 U.S. at 59). Therefore, Klinghagen has not established that his counsel's alleged errors prejudiced Klinghagen.

For these reasons, Klinghagen has not demonstrated that he received ineffective assistance of counsel on this basis.

### B. Failure to File an Appeal

Klinghagen also contends that Udoibok provided ineffective assistance because he failed to file an appeal of Klinghagen's conviction or sentence as requested.

When "a defendant has *expressly requested* an appeal, counsel performs deficiently by disregarding the defendant's instructions." *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) (emphasis added); *accord Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) ("An attorney's failure to file a *requested* appeal automatically satisfies the deficient-performance prong of *Strickland* because it is professionally unreasonable." (emphasis added) (internal quotation marks omitted)). Accordingly, if the evidence shows that a defendant "asked counsel to appeal and counsel refused," the defendant is entitled to relief under Section 2255. *Witthar*, 793 F.3d at 923. In addition, defense counsel "has a constitutionally imposed duty to *consult with* the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (emphasis added).

Klinghagen concedes that he consulted with Udoibok about filing an appeal, and it is undisputed that no appeal was filed in this case. But Klinghagen alleges that he instructed Udoibok to file an appeal. Specifically, Klinghagen attests in his motion that,

although he waived his appeal rights as part of his plea agreement, he nonetheless "instructed counsel (after sentencing) to file a . . . notice of appeal, wanting the Eighth Circuit Court of Appeals to weigh in on whether his Miranda rights were violated, as it relates to protections against self-incrimination." Udoibok filed a sworn declaration contesting some of Klinghagen's allegations, but Udoibok's declaration does not address whether Klinghagen instructed Udoibok to file an appeal.

Udoibok's performance is professionally unreasonable if he failed to follow Klinghagen's "express instructions" to file an appeal. *Id.* at 478; *cf. United States v. Keys*, 469 F. Supp. 2d 742, 750–51 (D. Minn. 2007) (denying postconviction relief when defendant had not expressly instructed counsel to file an appeal). If an attorney fails to file a requested appeal, "prejudice is presumed," and "no inquiry into prejudice or likely success on appeal [is] necessary." *Witthar*, 793 F.3d at 923 (internal quotation marks omitted). The Eighth Circuit has "extend[ed] the presumption of prejudice even to cases in which the petitioner has waived her right to appeal." *Id.* Thus, contrary to the United States's arguments, the appeal waiver in Klinghagen's plea agreement does not resolve this issue, nor does the lack of a particularized showing of prejudice.

A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts. *See* 28 U.S.C. § 2255(b). "When a district court receives conflicting statements—one from a § 2255 petitioner and one from [the petitioner's] former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing." *Witthar*,

793 F.3d at 923 (internal quotation marks omitted). "If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request conversations took place (or did not take place)," a district court must conduct an evidentiary hearing to resolve this "factual dispute on a critical issue." *Id.* at 923–24 (internal quotation marks omitted). An evidentiary hearing is *not* required only if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003).

Klinghagen alleges that, after his sentencing hearing, he instructed Udoibok to file a notice of appeal and Udoibok failed to do so. Although Klinghagen's vague allegation lacks specificity, his allegation is neither self-contradictory nor facially incredible. "Because failure to file a requested appeal is deficient performance and because [courts] presume prejudice, these allegations alone generally are sufficient to warrant a hearing." *Witthar*, 793 F.3d at 923. Although the United States disputes Klinghagen's allegation, the United States has not provided the Court with any contrary allegation or evidence that has greater specificity than Klinghagen's allegation. When a Section 2255 movant alleges that he or she instructed counsel to file an appeal and the record does not affirmatively refute the allegation, a district court abuses its discretion if it does not hold an evidentiary hearing before making factual determinations as to the credibility of the conflicting allegations. *Id.* at 923–24; *see also United States v. Sellner*, 773 F.3d 927,

11

930 (8th Cir. 2014) (holding that "[i]n the absence of an evidentiary hearing, [movant's] counsel's statement that [movant] agreed not to file an appeal is insufficient to support a finding that [movant's] allegations cannot be accepted as true"); *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014) (holding that district court abused its discretion when it "received conflicting affidavits" as to whether the movant asked counsel to file an appeal "and announced that one was more credible than the other . . . without the benefit of an evidentiary hearing").

Because neither party's allegations are facially incredible or contradicted by the record, the Court cannot, as a matter of law, make a credibility determination as to which allegation is true without the benefit of an evidentiary hearing. When a district court reviews a Section 2255 motion and determines that "an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Court appoints counsel to represent Klinghagen as to the forthcoming evidentiary hearing.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Scott Allen Klinghagen's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 58), is **DENIED IN PART AND DEFERRED IN PART** as addressed herein.

2. The Office of the Federal Defender for the District of Minnesota is appointed to represent Klinghagen as to the limited issue of whether Klinghagen's former counsel was ineffective because he failed to file an appeal of Klinghagen's conviction or sentence as allegedly requested.

3. Klinghagen's appointed counsel shall consult with counsel for Plaintiff United States of America and contact Chambers to schedule an evidentiary hearing.

4. The Clerk of Court is directed to provide a copy of this Order to the Office of the Federal Defender for the District of Minnesota.

Dated:  November 21, 2022                             s/Wilhelmina M. Wright
                                                                        Wilhelmina M. Wright
                                                                        United States District Judge