UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0034 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Scott Allen Klinghagen, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff United States of America's motion for an order finding waiver of the attorney-client privilege. (Dkt. 82.) For the reasons addressed below, the motion is granted.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts the defendant's communications with defense counsel at issue, the defendant waives the attorney-client privilege with respect to those communications. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *accord United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the privilege."). Consequently, when a defendant advances an ineffective-assistance claim in a Section 2255 motion, courts expressly recognize that the defendant waives the attorney-client privilege as to the allegations made in the motion. *See, e.g.*, *United States v. Rootes*,

No. 18-312 (MJD/LIB), 2021 WL 5235136, at *4 (D. Minn. Nov. 10, 2021); *United States v. Montenegro*, No. 11-280 (MJD/JSM), 2013 WL 6044405, at *1 (D. Minn. Nov. 14, 2013).

Defendant Scott Allen Klinghagen's Section 2255 motion contends that his former counsel, Kenneth Udoibok, provided him ineffective assistance by failing to file a suppression motion and a notice of appeal after Klinghagen instructed counsel to do so. In doing so, Klinghagen places at issue his communications with his former counsel pertaining to Klinghagen's suppression motion and notice of appeal. Because Klinghagen has placed all communication with his former counsel pertaining to these matters at issue and the Court has ordered the United States to respond to Klinghagen's allegations at an evidentiary hearing, the Court now recognizes Klinghagen's waiver of the attorney-client privilege with respect to his allegations. *See Workman*, 138 F.3d at 1263.

Based on the foregoing analysis and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States of America's motion to find waiver of attorney-client privilege, (Dkt. 82), is **GRANTED** as to the subject matter of the allegations in Defendant Scott Allen Klinghagen's Section 2255 motion.

Dated:  January 10, 2023                                                s/Wilhelmina M. Wright
                                                                                              Wilhelmina M. Wright
                                                                                              United States District Judge