UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Scott Allen Klinghagen, | Case No. 20-cr-0034 (WMW/KMM) |
| Defendant, | |
| v. | **ORDER** |
| United States of America, | |
| Plaintiff. | |

---

This matter is before the Court on Defendant Scott Allen Klinghagen's motion to vacate under 28 U.S.C. § 2255. The Court held an evidentiary hearing on May 19, 2023. The hearing was limited to the sole issue of whether, after consultation with counsel, Klinghagen requested that defense counsel file an appeal. For the reasons addressed below, the Court denies Klinghagen's motion.

## BACKGROUND

The United States charged Klinghagen by indictment with multiple child pornography offenses in February 2020. The Court appointed attorney Kenneth U. Udoibok to represent Klinghagen. On April 24, 2020, Udoibok filed a written notice representing that Klinghagen waived his right to file pretrial motions and requested to appear by videoconferencing for his change-of-plea hearing. Klinghagen also waived his rights under the Speedy Trial Act to allow time to schedule a change-of-plea hearing in light of the COVID-19 pandemic, which had just begun.

At the June 9, 2020 change-of-plea hearing, the Court followed its standard practice by advising Klinghagen of his rights, including the right to file pretrial motions. The Court also advised Klinghagen of the charges against him, the elements of the offenses to which he wished to plead guilty and the possible penalties that he would face if he pleaded guilty. Before pleading guilty, Klinghagen acknowledged under oath that he understood these aspects of the case and that he knowingly, intelligently and voluntarily waived his rights. Klinghagen's written plea agreement, which he signed, also addresses these issues, including Klinghagen's waiver of rights.

Klinghagen's written plea agreement also provides that, "in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights . . . to appeal Defendant's sentence, unless the sentence exceeds 365 months' imprisonment." Under the plea agreement, Klinghagen also "expressly waives the right to petition under 28 U.S.C. § 2255" except as to "the issue of ineffective assistance of counsel." Klinghagen acknowledged, both in the written plea agreement and under oath at the change-of-plea hearing, that he had fully discussed these waivers with Udoibok and that he waived these rights knowingly, intelligently and voluntarily.

After addressing the factual basis for the offenses, Klinghagen acknowledged under oath that he had not been forced, threatened or coerced to plead guilty; that he wished to voluntarily plead guilty because he was, in fact, guilty of the charged offenses; and that he had no questions for the Court or Udoibok. Klinghagen then unequivocally pleaded guilty to two counts of production and attempted production of child pornography, in violation

of 18 U.S.C. § 2251(a) and (e).  The Court accepted Klinghagen's guilty plea and adjudged him guilty as a matter of law for each offense.

The Court held a sentencing hearing on December 10, 2020.  Klinghagen and Udoibok were present at the sentencing hearing via videoconference.  The Court sentenced Klinghagen to 240 months' imprisonment, a significant downward variance from the advisory range of 720 months to life under the United States Sentencing Guidelines.  Following its standard practice, the Court advised Klinghagen at the end of the sentencing hearing of his right to appeal and the deadline to do so.  The Court acknowledged that, as part of the plea agreement, Klinghagen had waived his right to appeal a sentence of the length that the Court had imposed.  However, the Court advised Klinghagen that if he believed he had the right to appeal his conviction or his sentence notwithstanding the terms of the plea agreement, he should do so and present his arguments to the United States Court of Appeals for the Eighth Circuit.  Klinghagen did not appeal his conviction or sentence.

Klinghagen now moves to vacate his convictions and sentence, arguing that Udoibok provided ineffective assistance of counsel by failing to file an appeal of Klinghagen's conviction of the child pornography offenses and his sentence.  The United States opposes Klinghagen's motion.

On November 21, 2022, the Court issued an Order denying Klinghagen's 28 U.S.C. § 2255 motion on all grounds except for the question of whether defense counsel was ineffective for failing to file an appeal.  The Court held that Klinghagen was entitled to an evidentiary hearing to determine whether defense counsel was ineffective for failing to file an appeal.  The Court also held that Klinghagen had waived the attorney-client privilege

with respect to material communications between Udoibok and Klinghagen and that Udoibok may provide otherwise privileged information to the United States in an affidavit to address the claims made by Klinghagen and in testimony at an evidentiary hearing.

## ANALYSIS

Title 28 United States Code Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A party may seek relief under 28 U.S.C. § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Unless a party establishes cause for the procedural default and actual prejudice because of the error, constitutional issues may not be raised for the first time on collateral review. *Id*. The procedural default can be excused, however, if the defendant can demonstrate actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a Section 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief,

4

or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

*Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

To obtain relief for ineffective assistance of counsel, Klinghagen must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). It is Klinghagen's burden to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is defined as a probability that is "sufficient to undermine confidence in the outcome." *Id*. Unless Klinghagen makes both showings, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Thai v. Mapes*, 412 F.3d 970, 978 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). If Klinghagen cannot prove prejudice, the Court need not address the reasonableness of his counsel's conduct." *Apfel*, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. *Strickland*, 466 U.S. at 689. The Court's scrutiny of counsel's performance is highly deferential. *Id*. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. Counsel's performance is deficient when counsel's assistance "is less competent than the assistance that should be

5

provided by a reasonable attorney under the same circumstances." *Chambers v. Armontrout*, 907 F.2d 825, 828 (8th Cir. 1990) (citing *Strickland*, 466 U.S. at 687).

A defendant challenging a guilty plea based on ineffective assistance of counsel must prove both that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors," the defendant would have insisted on going to trial. *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011). When performing this analysis, the Court considers "contemporaneous evidence to substantiate a defendant's expressed preferences." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

Klinghagen contends that Udoibok provided ineffective assistance because Udoibok failed to file an appeal of Klinghagen's conviction and sentence. An attorney's failure to file a notice of appeal after a client's request to do so is per se ineffective assistance, regardless of the appeal's apparent likelihood of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000). But a defendant who explicitly directs his attorney not to file an appeal cannot later complain that his counsel performed deficiently by following his instructions. *Id*. at 477.

Based on the testimony of Udoibok at the May 19, 2023 hearing and all the filings and the record in this case, the Court makes the following findings of fact. Udoibok represented Klinghagen throughout the initial portions of the proceedings and up to his sentencing in December 2020. Klinghagen faced a mandatory minimum sentence, which

6

may have resulted in 30 years to life in prison. 18 USCS § 2251 (e). However, Udoibok negotiated a plea agreement on behalf of Klinghagen.

The plea agreement, which Udoibok and Klinghagen discussed extensively, included provisions that required Klinghagen to give up his right to file pretrial motions and to limit his right to appeal. Specifically, if Klinghagen received a sentence of fewer than 30 years imprisonment, he would not have the right to appeal his sentence. Klinghagen accepted the terms of the plea agreement and entered a guilty plea on June 3, 2020. Approximately six months later, on December 10, 2020, the Court imposed the sentence for Klinghagen's offense.

After the sentencing hearing, Udoibok met with Klinghagen and made contemporaneous notes pertaining to their discussions regarding the sentencing hearing. Udoibok provided some of these notes to the government in response to Klinghagen's allegations raised in the Section 2255 motion. Government Exhibit 1 consists of Udoibok's notes taken during his conversations with Klinghagen. Udoibok routinely makes notes during meetings with clients that summarize their discussion and aid his memory.

The first page of Government Exhibit 1, includes the written notation, "shoot for 20, but AUSA wants 30 to life." This notation references a discussion between Klinghagen and Udoibok during a meeting in which they strategized about Klinghagen's potential sentence. Udoibok's notes indicate that the prosecutor expressed a clear desire for a 30-year sentence.

On the next page, dated December 8, a notation states, "no appeals if under 30 years." This notation refers to Udoibok's analysis of the plea agreement and the settlement

reached. The notation indicates that if Klinghagen's sentence was fewer than 30 years' imprisonment, he would not have the right to appeal. Udoibok testified that he researched other sentences in the jurisdiction to assess the court's position on similar cases.

On the page dated December 18, which was eight days after Klinghagen's sentence hearing, Udoibok's notes indicate that Klinghagen will not appeal. These notes reflect a conversation between Udoibok and Klinghagen, during which Klinghagen expressed dissatisfaction with his sentence and compared it to what he believed he could have received if the case had proceeded in the state court. The notations also indicate that, based on the plea agreement, Klinghagen understood that an appeal would be futile and resigned himself to the fact that he would spend a significant amount of time in prison.

Udoibok testified that his notation that states, "bad case Scott, needs a way out," reflects Klinghagen's frustration and the lack of options available to improve Klinghagen's situation. There was nothing Udoibok could offer that would be beneficial to Klinghagen at that point, and they had already agreed not to pursue an appeal. Udoibok, in his testimony, confirmed that it was Klinghagen who made the decision not to appeal.

When asked if Klinghagen ever asked Udoibok to file an appeal in the case, Udoibok testified that Klinghagen did not ask him to file an appeal. Klinghagen and Udoibok discussed the possibility of pursuing an appeal over the phone while Klinghagen was incarcerated at the Sherburne County Jail. Udoibok confirmed the conversation and mentioned making notes about it. Initially, Klinghagen wanted to appeal, but Udoibok reminded him of the provisions in the plea agreement limiting the grounds for appeal and

explained that there was no basis for an appeal unless the sentence exceeded 365 months. Udoibok's position was that an appeal would be frivolous based on the circumstances.

Udoibok testified that although they discussed the possibility of an appeal, Udoibok focused the conversation on the provisions of the plea agreement, emphasizing that an appeal would not be helpful based on the terms of the plea agreement and the judge's explanation of the impact of the plea agreement on the right to appeal. Udoibok also testified that Klinghagen never explicitly requested an appeal or expressed any disagreement.

Udoibok affirmed that if Klinghagen had requested an appeal despite the existence of the plea agreement, Udoibok would have filed an appeal. In response to Klinghagen's allegation that Udoibok told Klinghagen that Udoibok would not file an appeal unless Klinghagen paid one thousand dollars, Udoibok expressed his shock and disbelief at the allegation. In denying the allegation, Udoibok emphasized his long-standing reputation as a CJA panel attorney and his commitment to the legal profession. Udoibok characterized Klinghagen's allegation as nonsensical, considering that Udoibok's compensation for handling an appeal would exceed $1,000, and he is not motivated by money. Udoibok testified that he never made any demands for money from Klinghagen.

Udoibok testified that Klinghagen subsequently decided to file a pro se motion to vacate the sentence under 28 U.S.C. § 2255. Udoibok observed that defendants often change their minds and may believe their sentences are too high. Although he believed an appeal would be frivolous based on the circumstances, Udoibok testified, if Klinghagen

9

had instructed him to file an appeal, Udoibok would have done so and documented it in his notes.

Udoibok's testimony included a discussion of Klinghagen's pro se motion to vacate filed on December 14, 2021, and subsequent pro se motions. Udoibok acknowledged that Klinghagen filed multiple pro se motions and that Udoibok responded to one of them because of the allegations made, which he felt required a response. Udoibok testified that he always seeks to reduce his client's sentence legally and would do whatever he could to help.

In response to one of Klinghagen's motions, Udoibok filed a declaration on August 29, 2022. Udoibok testified that he did so to assist his client within the bounds of the law. Udoibok explained that he would do whatever it takes to help his client as long as it does not involve making misrepresentations to the Court.

Udoibok, who is familiar with an *Anders* brief, testified that he has not had to file an *Anders* brief because his clients usually do not have issues about the quality of his representation.

In summary, Udoibok testified credibly that he would have filed an *Anders* brief if he believed that an appeal would be fruitless and his client insisted on pursuing it. Udoibok did not file an *Anders* brief because his client did not authorize him to appeal. Udoibok emphasized that he cannot appeal a case without express instructions from the client, which he did not receive. He has never filed an *Anders* briefs, he testified, because he has good clients with whom he communicates and explains his legal perspective. Udoibok contends that he had a good rapport with Klinghagen. And although they discussed the plea

agreement and the case, Klinghagen never asked him to file an appeal. Udoibok also explained his strategy of not filing pretrial motions and keeping the discovery from being presented in court as a strategy to avoid inflaming the jury or jeopardizing a downward departure.

Although Klinghagen argues that Udoibok failed to file an appeal after Klinghagen instructed him to do so, Klinghagen has not satisfied his burden to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 466 U.S. at 694. The record includes no credible evidence that Udoibok committed unprofessional errors. Nor is there evidence or testimony that Udoibok refused to appeal Klinghagen's sentence. Udoibok testified that, after the sentencing, Udoibok met with Klinghagen and Klinghagen did not ask Udoibok to file an appeal.

As there is no evidence in the record that Klinghagen made a request to appeal, there is no basis for an ineffective assistance of counsel claim under Section 2255. Consequently, there is no ground to vacate, and Klinghagen's claim fails. See *United States v. Jones*, 777 F. App'x 177, 178 (8th Cir. 2019) (affirming denial of relief for ineffective assistance of counsel claim under 28 U.S.C. § 2255 when defendant was upset about sentence but did not instruct attorney to file an appeal) (citing *Roe*, 528 U.S. at 478) (holding that counsel who consulted with defendant performs in professionally unreasonable manner only by failing to follow defendant's express instructions with respect to an appeal); *Barger v. United States*, 204 F.3d 1180, 1181-82 (8th Cir. 2000)

11

(noting that "for Section 2255 movant to succeed on claim that counsel was ineffective for failing to file appeal, desire to appeal must be manifest").

### E. Certificate of Appealability

Regarding the Court's decisions on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court denies a Certificate of Appealability in this case.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Scott Allen Klinghagen's pro se Motion to Vacate under 28 U.S.C. § 2255, (Dkt. 58), is **DENIED**;

2. The Court denies a Certificate of Appealability in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 23, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge